## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CYBERONICS, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **4:12-cv-1118** |
| | § | |
| **DR. JACOB ZABARA,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT DR. JACOB ZABARA'S MOTION TO STRIKE
### PORTIONS OF CYBERONICS'S ANSWER TO AMENDED COUNTERCLAIM

Dr. Jacob Zabara ("*Dr. Zabara*") files this Motion to Strike Portions of Cyberonics's Answer to Dr. Jacob Zabara's First Amended Answer and Counterclaims [Dkt. 49], and in support thereof, would respectfully show the Court as follows:

### CERTIFICATE OF CONFERENCE

Counsel for Dr. Zabara conferred with Counsel for Cyberonics regarding the relief sought in this motion. Cyberonics is opposed to the relief requested.

### BACKGROUND

1.      Cyberonics sued Dr. Zabara seeking a declaration that it owed Dr. Zabara no royalties under a License Agreement ("*License Agreement*") entered into by the parties which gave Cyberonics exclusive rights to Dr. Zabara's nerve stimulation technology embodied in his "Licensed Patents" as defined in the License Agreement. Cyberonics agreed to pay Dr. Zabara royalties and exercise best efforts to develop and market products from each of the Licensed Patents.

2.      After Cyberonics filed suit claiming it owed no royalties, Dr. Zabara counter-claimed for royalties due, and for other failure by Cyberonics to abide by the terms of the License Agreement.  On or about February 22, 2013, Dr. Zabara filed his Amended Answer and Counterclaim.  The amendment included the assertion that certain language of the License Agreement, if not construed in the manner advocated by Dr. Zabara, was ambiguous.  The Court subsequently granted Dr. Zabara's motion for leave to amend, specifically noting that the amendments were "largely cosmetic and implied by his original Answer and Counter-Claim." [Dkt. 42, FN. 1].  The Court further noted that Dr. Zabara's amendment would not significantly change the scope or nature of the dispute." *Id.*

3.      On May 20, 2013, *after the close of all discovery* except two expert depositions unrelated to any of Cyberonics's affirmative defenses, and within three weeks of the trial setting, Cyberonics filed an Answer to Dr. Zabara's Amended Answer and Counterclaim [Dkt. 49].  Cyberonics's Amended Answer did not simply respond to, and answer the amendments to Dr. Zabara's Amended Answer and Counterclaim which, again, were minor and known to Cyberonics months earlier.  Instead, Cyberonics opportunistically added various previously unpled defenses, injecting new theories into this case without leave of Court, and only after discovery had closed [Compare Dkt. 18 to Dkt. 49].  Cyberonics did not request leave to add new affirmative defenses nor gain Dr. Zabara's consent.  Cyberonics's newly pled "defenses" some of which do not appear to be cognizable at all, include the following:

- ■    Acquiescence

■   Impracticality and Impossibility

■   Unenforceability of 'Best Efforts' Clause as to Future Inventions Unknown at the Time of Contract Execution

■   Failure to State a Claim Upon Which Relief Can be Granted

■   Unjust Enrichment

[Dkt. 49, at pp. 3-7][Compare Dkt. 18].  Cyberonics's dilatory, far-reaching, amendments prejudice Dr. Zabara who did not have fair notice of these broad defenses and has no opportunity to do discovery on the issues.  Again, the defenses are not responsive to the minor amendments made in Dr. Zabara's amended pleading submitted months ago.[1]  To the extent that they are actual defenses at all, the Court should strike them.

### ARGUMENTS AND AUTHORITIES

4.      "[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  While freely given, leave to amend should be granted only "when justice so requires," and still must be requested.  Fed. R. Civ. P. 15(a).  *If a party requests leave,* "[d]etermining when 'justice so requires' rests within the sound discretion of the trial court."   *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982).  However, "leave to amend should not be given automatically."  *Id.*  "[D]elay becomes fatal at some period of time."  *Id*.

5.      Although a party is permitted to answer an amended complaint, the rules do not permit the assertion of new affirmative defenses without leave.  Here, Cyberonics did

---

[1]      Cyberonics also added "ambiguity" to its asserted defenses.  Dr. Zabara does not seek to strike this defense, although it appears to have been disposed of by prior rulings.

3

not even seek Dr. Zabara's consent or leave of the Court. Moreover, Cyberonics's substantial amendments were made after the close of discovery and practically on the eve of trial. These "defenses" are fact-intensive by nature – for instance the assertion that Dr. Zabara "acquiesced" in something or that Cyberonics failed in its obligations because compliance would have been impractical or impossible. More significantly, they should have been pled, if at all, in response to Dr. Zabara's original Counterclaim. Had they been timely asserted, Dr. Zabara could and would have conducted discovery on these defenses and likely sought pretrial dismissal. Accordingly, Cyberonics's assertion of these affirmative defenses at this late stage would be patently prejudicial to Dr. Zabara. "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987). Dr. Zabara does not seek to strike the remainder of the answer. The Court in its discretion should partially strike Cyberonics' Amended Answer to Dr. Zabara's Amended Counterclaim, specifically the affirmative defenses described above.

## ALTERNATIVE MOTION TO PERMIT ADDITIONAL DISCOVERY

6.      In the alternative, Dr. Zabara requests that the Court permit him to conduct discovery on the newly pled defenses in light of the prejudice that would otherwise be caused by their untimely assertion.

## CONCLUSION

7.      Cyberonics pled new defenses to Dr. Zabara's Counterclaims which exceeded the scope of Dr. Zabara's minor amendments, and did so without leave of Court or consent from Dr. Zabara. At this late stage in the proceedings, Dr. Zabara would be

plainly prejudiced by the assertion of the new defenses Cyberonics asserts.  Accordingly,

Dr. Zabara prays that the Court strike Cyberonics' newly pled defenses of (1)

Acquiesence; (2) Impracticality; (3) Impossibility; (4) Unenforceability of Best Efforts

Clause as to Future Inventions Unknown at the Time of Contract Execution; (5) Failure

to State A Claim Upon Which Relief May be Granted; and (6) Unjust Enrichment, or in

the alternative to permit discovery on these defenses, and for general relief.

Respectfully Submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY

*/s/ William S. Helfand*
WILLIAM S. HELFAND
Attorney-in-Charge
SBOT: 09388250
CHARLES T. JEREMIAH
State Bar No. 00784338
COLLIN A. ROSE
SBOT: 24013419
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 (Fax)
ATTORNEYS FOR
DEFENDANT/COUNTER-PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the Plaintiff, Cyberonics, Inc., in accordance with the District's ECF service rules on this 26th day of June, 2013 as follows:

David J. Healey
Wasif Qureshi
Tony Nguyen
Benjamin C. Elacqua
FISH & RICHARDSON, P.C.
One Houston Center
1221 McKinney Street, Suite 2800
Houston, Texas 77010

*/s/ William S. Helfand*

1326121_1