UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CYBERONICS, INC., § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | |
| v. § | CIVIL ACTION NO. 12-cv-1118 |
| § | |
| DR. JACOB ZABARA, § | |
| § | |
| § | |
| Defendant/Counter-Plaintiff. § | |
| § | |

**MEMORANDUM AND ORDER**

On May 3, 2013, the Court granted leave for Defendant Dr. Jacob Zabara to file his First Amended Answer and Counter-Claim. (Doc. No. 42, at 1 n.1.) Plaintiff Cyberonics, Inc. ("Cyberonics") responded to Dr. Zabara's First Amended Answer and Counter-Claim (Doc. No. 26-1) on May 20, 2013. (Doc. No. 49.)

Dr. Zabara now moves to strike certain affirmative defenses raised for the first time in Cyberonics's May 20, 2013 answer. (Doc. No. 70.) Cyberonics has responded to Dr. Zabara's motion to strike. (Doc. No. 75.) Based on the pleadings; the motion, response, and reply; and the applicable law, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   BACKGROUND

In 1988, Cyberonics and Dr. Zabara entered into a licensing agreement (the "License Agreement") by which Dr. Zabara transferred his rights to certain intellectual property to Cyberonics in return for royalties from the commercialization and sale of products based on his intellectual property (the "Products"). (Doc. No. 1 ("Compl."), at ¶¶ 3, 14-15.) Since 2011, Cyberonics had taken the position that it owes no further royalties to Dr. Zabara under the

License Agreement. It initiated this lawsuit to obtain a declaration that it owed no further royalties to Dr. Zabara. (*Id*. ¶¶ 13-22.) It is the Court's understanding that Cyberonics's declaratory judgment claim has been fully resolved as the result of the Court's May 3, 2013 summary judgment order (Doc. No. 42) and a declaration agreed to by the parties which was entered on June 12, 2013 (Doc. No. 67).

In addition to disputing the scope of Cyberonics's original declaratory judgment request, Dr. Zabara counter-claimed against Cyberonics for breach of the License Agreement. He sought damages for Cyberonics's failure to pay a minimum royalty after 2011. (Doc. No. 8, at 5.) He also sought damages for Cyberonics's failure to use "best efforts" to bring his various inventions to market. (*Id*.)

Cyberonics answered Dr. Zabara's counter-claims by denying that it breached the License Agreement. (Doc. No. 18.) Cyberonics raised the affirmative defenses of patent misuse; estoppel, waiver, and laches; and deliberate delay and multiplication of proceedings. (Doc. No. 18, at ¶¶ 1-5.)

In February 2013—four months before the then-scheduled trial date—Dr. Zabara moved for leave to file an amended answer and counter-claim. (Doc. No. 26.) Dr. Zabara's proposed amendment added a small number of factual allegations to his answer. (*Id*. at ¶¶ 1, 15, 18.) It clarified the scope of requested damages under his breach of contract claim for failure to pay minimum royalties. (*Id*. at ¶ 24.) It alleged that, to the extent Cyberonics argued that the minimum royalty provision should be interpreted a particular way, the provision was ambiguous on the issue. (*Id*. at ¶ 25.) Similarly, it alleged that, to the extent Cyberonics argued that the best efforts clause should be interpreted a particular way, the provision was ambiguous on the issue. (*Id*. at ¶ 27.) The Court granted leave for the First Amended Answer and Counter-Claim because

2

"the amendments proposed by Dr. Zabara are largely cosmetic and implied by his original Answer and Counter-Claim" and "the amendment will [not] significantly change the scope or nature of the dispute[.]" (Doc. No. 42, at 1 n.1.)

On May 20, 2013, Cyberonics answered Dr. Zabara's First Amended Counter-Claim. (Doc. No. 49.) Cyberonics included five new affirmative defenses to Dr. Zabara's breach of contract Counter-Claim: Ambiguity; Impracticality and Impossibility; Unenforceability of "Best Efforts" Clause as to Future Inventions Unknown at the Time of Contract Execution; Failure to State a Claim Upon Which Relief Can Be Granted; and Unjust Enrichment. (*Id*. at 3, 5-7.) Cyberonics also expanded its Estoppel, Waiver, and Laches affirmative defense, which is alternatively termed "Acquiescence" in Cyberonics's amended answer. (*Id*. at 5.)

Dr. Zabara moves to strike Cyberonics's affirmative defenses of (1) Acquiescence; (2) Impracticality; (3) Impossibility; (4) Unenforceability of Best Efforts Clause; (5) Failure to State a Claim; and (6) Unjust Enrichment on the basis that these defenses do not respond to the amendments in the First Amended Counter-Claim; were not pled in Cyberonics's original answer; and cannot be raised at this late stage without extreme prejudice to Dr. Zabara. (Doc. No. 70, at 5.) Cyberonics responds that it did not need leave from the Court to "plead defenses in a response to [Dr. Zabara's] amended counterclaims." (Doc. No. 75, at 1.) It also disputes that Dr. Zabara will be prejudiced by the new affirmative defenses because "the facts and basis for those defenses were detailed in motion papers, hearings, and expert reports provided weeks before the close of fact discovery[.]" (*Id*.)

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Under Rule 15, "leave shall be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). After a plaintiff files an amended complaint, the "defendant is free again to amend his answer without leave of court in order to respond to plaintiff's amended complaint because the amended complaint is considered to supersede the original complaint and defendant therefore has the right to interpose a new responsive pleading." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1483 at 591 (1990). But most courts require leave to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint. *See St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 2007 WL 1575955, at *1 (W.D. Wash. May, 29, 2007) (citations omitted) (collecting cases); *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2007 WL 420184, at *2 (N.D. Cal. Feb. 6, 2007); *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 486 (D. Md. 2006); *Elite Entertainment, Inc. v. Khela Brothers Entertainment,* 227 F.R.D. 444, 446-47 (E.D. Va. 2005) ("[T]he moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the

amended complaint."); *Uniroyal Chemical Co., Inc. v. Syngenta Crop Protection, Inc.*, 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005).

**III.  ANALYSIS**

    **A.  Acquiescence**

Dr. Zabara moves to strike the affirmative defense of "Acquiescence." Although not as clear as it should be, Cyberonics's "Acquiescence" defense appears to be subsumed within, or closely related to, its estoppel, waiver, and laches defenses, which were previously pled. Therefore, Dr. Zabara's motion to strike the "Acquiescence" defense is denied.

    **B.  Impracticality, Impossibility, and Unenforceability**

Dr. Zabara moves to strike the affirmative defenses of "Impracticality and Impossibility" and "Unenforceability of the 'Best Efforts' Clause." The Court finds that these defenses were not previously pled and go beyond the scope of the Dr. Zabara's amended counter-claim. Specifically, Cyberonics claims that these defenses respond to Dr. Zabara's new allegation that the best efforts clause is ambiguous. (Doc. No. 75, at 6-7.) But the defenses are clearly directed towards the enforceability of the best efforts clause as construed by the Court in its summary judgment order. Although that order did not expressly state as much, the Court hereby clarifies that it was able to construe the meaning of the best efforts clause as a matter of law because it found the clause *un*ambiguous. (Doc. No. 42, at 6, 11-13.)

Cyberonics also suggests the Dr. Zabara's interpretation of the best efforts clause, adopted by the Court in its May 3, 2013 order, was unfairly sprung on Cyberonics late in the case, which hindered its ability to timely plead and prepare its defenses. (Doc. No. 75, at 5.) The Court finds no merit to this suggestion. Dr. Zabara informed Cyberonics in February 2009, prior to the instigation of this lawsuit, that he believed Cyberonics was not using its best efforts to

commercialize his various inventions. (Doc. No. 31-7.) Additionally, in February 2013, during the course of discovery in this case, Dr. Zabara's attorneys questioned Cyberonics's corporate representative about Cyberonics's efforts regarding each of Dr. Zabara's Licensed Patents. (Doc. No. 27-4; Doc. No. 27-5.) Thus, from at least February 2013, and likely throughout this case, Cyberonics was fully apprised of the interpretation Dr. Zabara would promote for the best efforts clause. It was simply unprepared for that interpretation to be accepted by the Court.

Ordinarily the Court would simply grant Dr. Zabara's motion to strike the "Impracticality and Impossibility" and "Unenforceability of the 'Best Efforts' Clause" affirmative defenses as beyond the scope of Dr. Zabara's amended counter-claims. Given the proximity to the currently scheduled trial date, however, the Court will also analyze whether Cyberonics would have been granted leave to amend its answer to include the "Impracticality and Impossibility" and "Unenforceability of the 'Best Efforts' Clause" affirmative defenses, had it done so on May 20, 2013. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman*, 371 U.S. at 182. Accordingly, district courts in the Fifth Circuit "must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

"Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

6

opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993).

The Court does not find undue delay, bad faith, or dilatory motive by Cyberonics. To the contrary, the pleadings in this case have perpetually seemed to lag behind the allegations and theories expounded by *both* parties. For example, Dr. Zabara has repeatedly forecasted to Cyberonics and this Court his intention to seek unpaid royalties related to a device known as the VNS Tunneler. (Doc. No. 32, at 11.) But this claim does not comfortably map on to any of Dr. Zabara's counter-claims—either in his original or his amended pleading. (Doc. No. 8; Doc. No. 26-1.) The Court is certainly troubled by the disconnect between the development of this case and the matters raised in the pleadings. But it does not discern in the lag time any bad faith or gamesmanship.

Nor would the Court have denied Cyberonics leave to amend based on repeated failure to cure deficiencies or futility of amendment. As this would have been Cyberonics's first amendment, it cannot be accused of serially amending its affirmative defenses, either to stymie the preparation of Dr. Zabara's case or to change legal theories in response to the Court's various rulings.

This leaves only possible prejudice to Dr. Zabara as a grounds for denying leave to amend. Dr. Zabara is correct that discovery has closed, and only a short time remains before trial—four weeks, to be exact. But given both parties' shared responsibility for the state of the pleadings in this case, the Court will not punish Cyberonics for its late request if it fairly appears that Dr. Zabara was aware of Cyberonics's "new" affirmative defenses well before this late date.

Cyberonics argued that the best efforts clause, as construed by the Court, was unenforceable under Texas law in a motion for reconsideration filed May 10, 2013. (Doc. No.

7

44, at 1-2.) It also suggested, without directly arguing, that the Court's construction of the best efforts clause rendered the clause impractical or impossible. (*Id.* at 6-7.) As far as the Court is aware, this was the first occasion on which any of the defenses was raised. However, the defenses appear to be primarily legal defenses. Specifically, the Court cannot contemplate any factual discovery relevant to impracticability or impossibility that would not also be relevant to the preeminent factual issue—whether Cyberonics expended best efforts regarding Dr. Zabara's inventions. Because Dr. Zabara was aware of the defenses by at least May 10, 2013, and because the defenses would not generate the need for additional fact discovery, the Court does not find that Dr. Zabara would be prejudiced by granting Cyberonics leave to include the defenses in its amended answer. Dr. Zabara's motion to strike is therefore denied as to the defenses of "Impracticality and Impossibility" and "Unenforceability of the 'Best Efforts' Clause."[1]

### C. Failure to State a Claim

Dr. Zabara moves to strike the affirmative defense of "Failure to State a Claim Upon Which Relief Can Be Granted." The Court questions whether this is properly an affirmative defense. To the extent that it is, the Court finds that it exceeds the scope of Dr. Zabara's amended counter-claim. Additionally, if Cyberonics had moved for leave to amend its answer to include the "Failure to State a Claim" affirmative defense on May 20, 2013, the Court would have denied leave based on the futility of the amendment. Therefore, the Court grants Dr. Zabara's motion to strike the "Failure to State a Claim Upon Which Relief Can Be Granted" affirmative defense.

---

[1] The Court clarifies that it is not convinced that Cyberonics's articulation of the impracticability and impossibility defense is at all meritorious. Specifically, Cyberonics appears to argue that "it would [be] not only impractical, but impossible, for Cyberonics to develop FDA-approved, commercially viable devices and/or treatments" for all of Dr. Zabara's inventions. (Doc. No. 75, at 6.) But this misstates the obligation of the provision, which was expressly directed to the quality of Cyberonics's efforts, not its results.

### D.  Unjust Enrichment

Finally, Dr. Zabara moves to strike the affirmative defense of "Unjust Enrichment." Cyberonics has offered no argument for how the defense correlates to the amendments in Dr. Zabara's First Amended Counter-Claim. It simply argues that Dr. Zabara would be unjustly enriched if he received the full amount of damages claimed on his breach of contract counter-claim. (Doc. No. 75, at 7.) Because this affirmative defense exceeds the scope of Dr. Zabara's amendment, Cyberonics was required to seek leave from the Court to add it as an affirmative defense. If Cyberonics had sought such leave, the Court would have denied it based on prejudice to Dr. Zabara. As far as the Court can discern, unjust enrichment has not been raised or argued in the thirteen months since Dr. Zabara first counter-claimed for breach of the best efforts clause. The Court grants Dr. Zabara's motion to strike the "Unjust Enrichment" affirmative defense.

### IV.  CONCLUSION

Dr. Zabara's Motion to Strike Portions of Cyberonics's Answer to Amended Counterclaim is **GRANTED** as to Cyberonics's "Failure to State a Claim" and "Unjust Enrichment" affirmative defenses. In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of July, 2013.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE